632 P.2d 746

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Manuel J. ULIBARRI,
Defendant-Appellant.**

No. 4968.

Court of Appeals of New Mexico.

May 19, 1981.

Certiorari Quashed Aug. 21, 1981.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of operating a motor vehicle while under the influence of intoxicating liquor contrary to § 66–8–102, N.M.S.A.1978 (Supp.1980), defendant was sentenced to a term of nine months and fined $500.00 as a second offender. Defendant appeals claiming that under *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), his first offense, a guilty plea in Clovis Municipal Court to a charge of driving while intoxicated, could not be used to enhance his penalty because he was not represented by counsel. We agree and reverse.

The sole issue we decide is whether an enhancement raising the subsequent penalty from a petty misdemeanor to a high misdemeanor comes within the prohibition of *Baldasar*. The State suggests that the defendant could not benefit from the ruling in *Baldasar* if he had waived counsel. However, we do not understand the State to be asserting that defendant in fact had waived his right to counsel. The record is silent and presuming a waiver of counsel from a silent record is impermissible. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Secondly, this issue was not the basis of the ruling in the trial court. The trial court ruled that *Baldasar* does not apply to the defendant because the enhancement involved was not from a misdemeanor to a felony.

The State also contends that *Baldasar* is distinguishable because the enhanced penalty in that case was a felony, whereas we do not have a felony charge in this case. Consequently, the State maintains that neither *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), nor *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), is violated because the defendant was not jailed for his uncounseled conviction.

We read *Baldasar* to mean that even if the enhanced offense is a misdemeanor with a light penalty, an accused may not be sentenced to serve a term of imprisonment unless he was afforded the benefit of assistance of counsel in the prior as well as the predicate offense. All instances where an enhancement follows a prior offense in

which the defendant did not have the assistance of counsel in his defense are controlled by *Baldasar*. The fact of the prison term and not the gravity of the offense is the controlling criterion. *Argersinger v. Hamlin, supra; Scott v. Illinois, supra*.

The State invites our attention to *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). There, the defendant was not allowed to collaterally attack a firearm violation by showing that his status of being a criminal was constitutionally infirm because he was not afforded counsel. The Supreme Court recognized *Burgett* and other cases for the proposition that an invalid conviction under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), could not be used for enhancement purposes. Nevertheless, the Supreme Court held that the clear intent of Congress was not to limit the coverage of the firearm statute to persons whose convictions are not subject to collateral attack:

> The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury. The obvious breadth of the language may well reflect the expansive legislative approach revealed by Congress' express findings and declarations, in 18 U.S.C.App. § 1201, concerning the problem of firearm abuse by felons and certain specifically described persons.

Finally, we note that *Lewis* was decided on February 27, 1980, and *Baldasar* was decided on April 22, 1980. The dissent in *Baldasar* points to *Lewis*. Thus, although sympathetic to the position taken by the State in suggesting that there is no clear policy enunciated by the Supreme Court in these two cases, nevertheless, we are not free to disregard the latest pronouncement by the United States Supreme Court in this area. The latest pronouncement seems to be that an uncounseled prior conviction, felony or misdemeanor, may not be used to enhance a subsequent offense. We are not unmindful of the contention that in *Lewis* the prior conviction was much more relevant to the firearm conviction. That fact does not lead to a different conclusion. In fact, it might be considered a basis for distinguishing *Lewis* from *Baldasar*. In *Lewis*, the Supreme Court reasoned: "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." Even in that decision, the court expressly reaffirmed the holding in *Burgett* that an uncounseled conviction is not valid for enhancement purposes.

Accordingly, we reverse and remand.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.