923 P.2d 595

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Taft HOSTEEN, Defendant–Appellant.**

No. 16526.

Court of Appeals of New Mexico.

May 22, 1996.

Certiorari Granted Sept. 4, 1996.

Tom Udall, Attorney General and Max Shepherd, Assistant Attorney General, Santa Fe, for Appellee.

Dorothy C. Sanchez, Albuquerque, for Appellant.

*OPINION*

FLORES, Judge.

1. Defendant appeals from his conviction for driving while under the influence of intoxicating liquor (DWI), contrary to NMSA 1978, Section 66–8–102(A) (Repl.Pamp.1994).

Defendant raises three issues on appeal: (1) whether Defendant was denied effective assistance of counsel when his attorney failed to challenge the proof of prior convictions submitted by the State, and if so, (2) whether this case should be remanded to the trial court for resentencing as a misdemeanor DWI; and (3) whether *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), permits the use of an uncounseled prior conviction for the purposes of enhancing a DWI misdemeanor to a felony. We affirm.

## I. *BACKGROUND*

2. Defendant pleaded guilty to the charge of DWI, a misdemeanor conviction. At Defendant's sentencing hearing, the State sought to enhance Defendant's misdemeanor conviction to a felony by submitting proof of three prior convictions for DWI. *See* § 66–8–102(G). Defense counsel conceded two provable prior convictions, one in 1991 when Defendant was represented by counsel and one in 1981 when Defendant had waived counsel in writing. However, he contested a 1980 prior conviction because the record did not indicate Defendant had been represented by counsel or that there had been a waiver. The district court overruled the objection. Defendant was therefore guilty of his fourth DWI, which enhanced his misdemeanor conviction to a felony under Section 66–8–102(G).

## II. *DISCUSSION*

### A. Ineffective Assistance of Counsel

3. Defendant's primary argument on appeal is that he was denied effective assistance of counsel at trial. His attorney stipulated to the existence of the 1980 conviction although contesting unsuccessfully its admissibility on grounds of lack of legal representation at the time of the conviction. Defendant now raises an additional challenge to the 1980 conviction which his counsel did not argue below. The 1980 conviction appears to have been superseded by a second "Final Order" entered six years later in 1986 stating simply "Case dismissed." The 1980 conviction is signed by the magistrate judge. The 1986 final order dismissing the same 1980 conviction is signed by a different judge without stating the basis for the dismissal.

4. The Rules of Criminal Procedure for the Magistrate Courts provide that "[n]o judgment of conviction shall be changed." NMSA 1978, Magis.Crim.R. 33(b) (Cum. Supp.1984); SCRA 1986, 6–801 (Repl.1995). Therefore, it is unclear under what authority the magistrate judge acted in dismissing Defendant's 1980 conviction six years later. In addition, we do not have a certified copy of the 1986 dismissal order. It is equally unclear whether the 1981 order of conviction was properly certified, and it is unclear whether either final order was ever, in fact, filed with the magistrate court. Thus, we cannot determine with an appropriate level of confidence which documents regarding Defendant's prior convictions were actually available for trial counsel's review prior to Defendant's sentencing hearing. Due to the poor record, we cannot say that Defendant presented a prima facie case of ineffective assistance of counsel, especially in light of at least a presumption under SCRA 6–801 (formerly Rule 33(b)), that a conviction, once entered, "shall [not] be changed."

5. "Assistance of counsel is presumed effective unless the defendant demonstrates both that counsel was not reasonably competent and that counsel's incompetence caused the defendant prejudice." *State v. Gonzales,* 113 N.M. 221, 229–30, 824 P.2d 1023, 1031–32 (1992). The inquiry regarding ineffective assistance of counsel claims is whether defense counsel exercised the skill, judgment, and diligence of a reasonably competent defense attorney. *State v. Rodriguez,* 107 N.M. 611, 615, 762 P.2d 898, 902 (Ct. App.), *cert. denied,* 107 N.M. 546, 761 P.2d 424 (1988). Based on the record before us, we hold that Defendant has not established a prima facie case of ineffective assistance of counsel.

### B. Remand

6. Defendant urges this Court to remand to the district court for an evidentiary hearing on his ineffective assistance of counsel claim. However, in an effort to preserve the efficacy of SCRA 1986, 5–802 (Repl.1992), this Court has expressed its preference for habeas corpus proceedings over remand for an evidentiary hearing where the record on

appeal does not establish a prima facie case of ineffective assistance of counsel. *State v. Swavola,* 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct.App.), *cert. denied,* 114 N.M. 501, 841 P.2d 549 (1992). In *Swavola,* this Court stated:

> Recent decisions by this court have expressed our reservations about deciding claims of ineffective assistance of counsel in the absence of a district court evidentiary hearing on the matter. We have also expressed concern that for us to remand a case to the district court for an evidentiary hearing on an ineffective-assistance claim may circumvent SCRA 1986, 5–802 (Repl. 1992). We thus limit remand to those cases in which the record on appeal establishes a prima facie case of ineffective assistance.

*Id.* (citations omitted).

7. Following *Swavola,* our Supreme Court expressed a similar view in *Duncan v. Kerby,* 115 N.M. 344, 851 P.2d 466 (1993). While remand to the trial court for an evidentiary hearing on the issue of ineffective assistance may sometimes be appropriate, "habeas corpus is specifically designed to address such post-conviction constitutional claims and is the procedure of choice in this situation." *Id.* at 347, 851 P.2d at 469; *see also State v. Jordan,* 116 N.M. 76, 83, 860 P.2d 206, 213 (Ct.App.) (stating that SCRA 5–802 motion is the preferred procedure to address an ineffective assistance of counsel claim), *cert. denied,* 115 N.M. 795, 858 P.2d 1274 (1993).

8. Defendant cites *Varela v. State,* 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993), contending that it is not necessary to reject an appeal and require that a defendant invoke collateral proceedings when an issue of ineffective assistance of counsel is already before the court. However, the holding in *Varela* was unique to the particularly complex procedural posture of that case and is distinguishable. We decline to apply *Varela* to this case.

9. Because we hold that Defendant did not establish a prima facie case of ineffective assistance of counsel, we decline to remand to the district court for an evidentiary hearing.

## C. Application of *Nichols*

10. We next address the application of *Nichols* to the facts of this case. Defendant argues that the *Nichols* holding is limited to allowing an uncounseled prior conviction to be considered during the sentencing phase of a criminal prosecution, and it is not to be used in considering whether a misdemeanor should be converted to a felony. We disagree.

11. Some of the cases relied upon by the Supreme Court in *Nichols* can be helpful in understanding that decision. In *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1161–62, 59 L.Ed.2d 383 (1979), the United States Supreme Court clarified its previous decision in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), by holding that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense."

12. One year later the United States Supreme Court decided *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), *overruled by Nichols,* 511 U.S. at 747, 114 S.Ct. at 1928. In *Baldasar,* the petitioner was convicted of misdemeanor theft in a proceeding in which he was not represented by counsel and did not formally waive the right to counsel. 446 U.S. at 223, 100 S.Ct. at 1585. Thereafter, the petitioner was prosecuted on a second misdemeanor. In this second prosecution, the State sought to enhance the petitioner's misdemeanor conviction to a felony under the Illinois enhancement statute and introduced evidence of the prior misdemeanor conviction. *Id.* Defense counsel objected to the admission of the prior conviction on the grounds that the uncounseled prior conviction "was too unreliable to support enhancement of the second misdemeanor." *Id.* The lower court disagreed and the petitioner was convicted and sentenced as a felon. *Id.* The Illinois Appellate Court affirmed the petitioner's conviction. *Id.* at 223, 100 S.Ct. at 1585.

13. A divided United States Supreme Court concluded that an uncounseled prior misdemeanor conviction, although constitutional under *Scott* because there was no sentence of imprisonment, could not be used to convert a second misdemeanor conviction into a felony under an enhancement statute. *Id.* at 224, 227–28, 230, 100 S.Ct. at 1585, 1587–88, 1589. A majority of the Court, in separate opinions, determined that the petitioner had been unconstitutionally deprived of his liberty as a result of his first uncounseled criminal conviction because without the first conviction, the petitioner "could not have been sentenced to more than one year for the present offense." *Id.* at 226, 100 S.Ct. at 1587 (Marshall, J., concurring, joined by Brennan and Stevens, JJ.) (footnote omitted). In other words, "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Id.* at 228, 100 S.Ct. at 1587.

14. Fourteen years after *Baldasar,* the *Nichols* Court expressly overruled *Baldasar. Nichols,* 511 U.S. at 747, 114 S.Ct. at 1928. In *Nichols,* the petitioner pleaded guilty to conspiracy to possess cocaine with intent to distribute. *Id.* 511 U.S. at 740, 114 S.Ct. at 1924. Under the United States Federal Sentencing Guidelines, Nichols was assessed criminal history points for two prior convictions. As a result, the petitioner's sentencing range under the sentencing guidelines increased. *Id.* The petitioner objected to the use of one of his prior misdemeanor convictions because he was not represented by counsel at that proceeding. *Id.* The district court rejected the petitioner's arguments and used the prior uncounseled misdemeanor conviction to enhance his sentence. *Id.* at 740–742, 114 S.Ct. at 1924–25. The Court of Appeals for the Sixth Circuit affirmed. *Id.* at 742, 114 S.Ct. at 1925.

15. The Supreme Court adopted the dissent's rationale in *Baldasar* "that a logical consequence of the holding is that an uncounseled conviction valid under *Scott* may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." *Id.* 511 U.S. at 745, 114 S.Ct. at 1927. The Supreme Court determined that enhancement statutes "do not change the penalty imposed for the earlier conviction" and that relying on such a conviction was consistent with the sentencing process, which is recognized as being "less exacting than the process of establishing guilt." *Id.* Consequently, the Court explicitly overruled its holding in *Baldasar. Id.* at 747, 114 S.Ct. at 1928.

16. Contrary to Defendant's contention, *Nichols* does not distinguish between criminal history provisions such as the one at issue in *Nichols* and enhancement statutes such as Section 66–8–102(G). In fact, the situation in *Baldasar* was factually similar to this case, in that Baldasar's misdemeanor theft conviction was converted to a felony pursuant to an Illinois enhancement statute. Moreover, *Nichols* recognizes that enhancement statutes come in different forms and does not distinguish among them in its holding. *See Nichols,* 511 U.S. at ——, 114 S.Ct. at 1927 (recognizing that enhancement statutes, whether criminal history provisions such as that contained in the United States Federal Sentencing Guidelines or recidivist statutes, such as those contained in many state criminal laws, do not affect the punishment for the prior conviction). Therefore, in the instant case, the trial court properly applied *Nichols* in permitting the use of Defendant's uncounseled prior conviction for enhancement purposes.

17. We next address the effect of *Nichols* on New Mexico case law, specifically, *State v. Watchman,* 111 N.M. 727, 809 P.2d 641 (Ct. App.), *cert. denied,* 111 N.M. 529, 807 P.2d 227 (1991); *State v. Ulibarri,* 96 N.M. 511, 632 P.2d 746 (Ct.App.), *cert. quashed,* 96 N.M. 543, 632 P.2d 1181 (1981); and *State v. Russell,* 113 N.M. 121, 823 P.2d 921 (Ct.App. 1991).

18. In *Ulibarri,* this Court reasoned that "[a]ll instances where an enhancement follows a prior offense in which the defendant did not have the assistance of counsel in his defense are controlled by *Baldasar." Ulibarri,* 96 N.M. at 512–13, 632 P.2d at 747–48. Consequently, this Court held that Ulibarri's uncounseled prior guilty plea to DWI could not be used to enhance his subsequent petty

misdemeanor to a high misdemeanor. *Id.* at 513, 632 P.2d at 748. When faced with the same question in *Watchman,* this Court followed *Baldasar* and *Ulibarri,* holding that "[i]f defendant's initial uncounseled misdemeanor convictions cannot be utilized as a basis to support a finding of guilt or to enhance punishment, it is improper to utilize such evidence as a factor in aggravating a subsequent sentence of imprisonment imposed on defendant." *Watchman,* 111 N.M. at 733, 809 P.2d at 647. Both *Ulibarri* and *Watchman* expressly rely on *Baldasar* for their holdings. To the extent that *Ulibarri* and *Watchman* rely on *Baldasar,* they are overruled by *Nichols.* In addition, although we do not explicitly overrule *Russell,* its reliance on *Watchman* for the proposition that "prior uncounseled convictions cannot be used to enhance a sentence unless the defendant voluntarily, knowingly, and intelligently waived the right to counsel in the prior case" should no longer be followed. *Russell,* 113 N.M. at 122–23, 823 P.2d at 922–23.

### D.  New Mexico Constitution

19. Because we overrule *Ulibarri* and *Watchman* to the extent that they rely on *Baldasar,* we now turn to the question of whether the New Mexico Constitution affords more protection than does the United States Constitution regarding the use of an uncounseled prior conviction for enhancement purposes. This is an intriguing question which arguably finds some support in *Watchman.* See *Watchman,* 111 N.M. at 733, 809 P.2d at 647. However, because we determine that Defendant abandoned this argument on appeal, we do not address its merits.

20. Defendant's appellate counsel did not address the state constitutional argument in the brief-in-chief. In fact, the brief-in-chief states: "Whether the *Nichols* holding has any relevance whatsoever under the New Mexico Constitution is an even broader question which is not at issue in this case." We have previously held that issues must be adequately argued and supported by authority in the brief-in-chief or they will be deemed abandoned. *State v. Aragon,* 109 N.M. 632, 634, 788 P.2d 932, 934 (Ct.App.), *cert. denied,*

109 N.M. 563, 787 P.2d 1246 (1990). We do not address the state constitutional argument on its merits. *Id.; see also State v. Fish,* 102 N.M. 775, 777, 701 P.2d 374, 376 (Ct.App.) (issues listed in the docketing statement but not briefed are deemed abandoned), *cert. denied,* 102 N.M. 734, 700 P.2d 197 (1985).

### III.  *CONCLUSION*

21. Having decided that Defendant did not establish a prima facie case of ineffective assistance of counsel, we decline to remand to the district court for an evidentiary hearing. Moreover, we recognize that *Nichols* explicitly overrules *Baldasar,* and therefore, we overrule *Ulibarri* and *Watchman* insofar as they rely on *Baldasar.* Finally, as to whether the New Mexico Constitution affords greater protection than the United States Constitution under these circumstances, that question is not before us. We affirm Defendant's conviction and sentence.

22. IT IS SO ORDERED.

BOSSON and WECHSLER, JJ., concur.