1997-NMCA-108

947 P.2d 171

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Scott Glenn THORNTON,
Defendant–Appellant.**

**No. 17619.**

Court of Appeals of New Mexico.

Sept. 17, 1997.

Certiorari Denied Oct. 28, 1997.

Tom Udall, Attorney General, Patricia A. Gandert, Assistant Attorney General, Santa Fe, for Appellee.

Sandra J. Clinton, Albuquerque, for Appellant.

## OPINION

WECHSLER, Judge.

1. Defendant appeals his conviction of fraud over $20,000 in violation of NMSA 1978, Section 30–16–6 (1987). He raises issues on appeal concerning the admission of trial evidence, the sufficiency of the evidence, and the consideration of his prior convictions for the district court's habitual offender determination. Only our discussion of the prior convictions merits publication. We affirm in part, reverse in part, and remand for imposition of new sentence.

### Consideration of Prior Convictions

2. By supplemental criminal information, the State sought to enhance Defendant's sentence under the Habitual Offender Statute as a result of four previous convictions of felony offenses. See NMSA 1978, § 31–18–17 (1993). The district judge in the present case found that Defendant was convicted of passing a worthless check over $50 on August 4, 1955, in Deaf Smith County, Texas; obtaining property or money with intent to cheat or defraud on April 2, 1959, in Chaves County, New Mexico; passing a forged instrument on February 6, 1967, in Crosby County, Texas; and fraud over $250 but under $2500 on December 22, 1988, in Otero County, New Mexico. He sentenced Defendant to a basic term of nine years imprisonment enhanced by an additional eight years. Defendant asserts that the judge improperly considered the 1955, 1959, and 1967 convictions as enhancement in violation of the United States Constitution and related federal and New Mexico case law. He does not argue that his rights under the New Mexico Constitution were violated.

3. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the United States Supreme Court held that the right to counsel in criminal cases guaranteed by the Sixth Amendment to the United States Constitution was so fundamental and essential to a fair trial that the due process requirements of the Fourteenth Amendment required the states to appoint counsel for indigent criminal defendants in state trials. Gideon had been convicted of a felony and sentenced to prison. Id. at 336–37, 83 S.Ct. at 792–93.

4. The Supreme Court subsequently defined the Sixth Amendment guarantee to counsel to mean that a person may not be deprived of his or her liberty without representation of counsel at trial. See Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."). The Sixth Amendment, however, does not require a state court to appoint counsel for a criminal defendant charged with an offense for which imprisonment upon conviction is authorized but not actually imposed. See Scott v. Illinois, 440 U.S. 367, 369, 99 S.Ct. 1158, 1160, 59 L.Ed.2d 383 (1979); see also Nichols v. United States, 511 U.S. 738, 746–47, 114 S.Ct. 1921, 1927–28, 128 L.Ed.2d 745 (1994) (recognizing that actual imprisonment is a prerequisite in defining the constitutional right to appointment of counsel).

5. The United States Supreme Court has refused to permit a conviction obtained in violation of Gideon to be used in a later proceeding for enhancement purposes. See United States v. Tucker, 404 U.S. 443, 449, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) (evidence of prior tainted felony convictions improper to consider when imposing sentence); Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967) (use of invalid conviction to enhance punishment for another crime would erode the principle of Gideon). Thus, when it violates the Sixth and Fourteenth Amendments to try a defendant for a state offense without counsel, the conviction in that proceeding is considered a nullity and may not be used to enhance the punishment for a subsequent conviction.

6. Most recently, in *Nichols,* the United States Supreme Court again addressed the use of an uncounselled conviction in a non-imprisonment case to enhance a subsequent conviction. The Court reexamined its multi-position decision in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), *overruled by Nichols,* 511 U.S. 738, 114 S.Ct. 1921 in the circumstances of a defendant who received an enhanced prison term because of a prior uncounselled conviction for which he was not imprisoned. *Nichols,* 511 U.S. at 740–41, 114 S.Ct. at 1923–25. In doing so, the Court reinforced "the line ... drawn [in *Scott*] between criminal proceedings that [result] in imprisonment, and those that [do] not." *Nichols,* 511 U.S. at 746, 114 S.Ct. at 1927. On the reasoning that the sentencing process is "less exacting than the process of establishing guilt", *id.* at 747, 114 S.Ct. at 1927, it held that uncounselled convictions obtained in cases in which a defendant is not entitled to counsel may be used to enhance the sentence for a subsequent conviction even if the defendant is imprisoned for the subsequent conviction.

7. New Mexico case law has followed that of the United States Supreme Court in interpreting the federal constitution. Our Supreme Court adopted *Gideon* in *State v. Dalrymple,* 75 N.M. 514, 515, 407 P.2d 356, 357 (1965), and held that it can be applied retroactively to challenge prior felony convictions which are being considered under the habitual offender statute. *Id.* at 514–21, 407 P.2d at 356–61. Likewise, this Court in *State v. Ulibarri,* 96 N.M. 511, 512–13, 632 P.2d 746, 747–48 (Ct.App.1981), *overruled by State v. Hosteen,* 122 N.M. 228, 232, 923 P.2d 595, 599 (Ct.App.), *cert. granted,* 122 N.M. 227, 923 P.2d 594 (1996), followed what it understood to be the reasoning of the United States Supreme Court in *Baldasar,* and held that the defendant's Sixth Amendment rights were violated by the use of a prior uncounselled DWI conviction to enhance a later sentence for a conviction. In *State v. Watchman,* 111 N.M. 727, 733, 809 P.2d 641, 647 (Ct.App.1991), *overruled in part on other grounds by Hosteen,* 122 N.M. at 232, 923 P.2d at 599, following the same rationale, this Court concluded that the use of uncounselled DWI convictions obtained in Navajo Tribal

Court and Gallup Municipal Court failed to satisfy the fundamental due process requirements of the New Mexico Constitution. To the extent that both *Watchman* and *Ulibarri* are predicated upon *Baldasar* which the United States Supreme Court overruled in *Nichols,* we, in turn, overruled *Watchman* and *Ulibarri* in *Hosteen.*

8. Underlying these federal and state cases, however, is the notion that regardless of whether the United States Supreme Court recognized a constitutional right to counsel, and even before *Gideon,* an uncounselled conviction is considered valid for any purpose when the defendant has entered a voluntary, intelligent, and knowing waiver of counsel. *See Gideon,* 372 U.S. at 339–40, 83 S.Ct. at 793–94; *Argersinger,* 407 U.S. at 37, 92 S.Ct. at 2012; *Dalrymple,* 75 N.M. at 515, 407 P.2d at 357; *Watchman,* 111 N.M. at 733, 809 P.2d at 647.

### 1955 Conviction

9. In the 1955 proceedings in Deaf Smith County, Texas, the district court's judgment states that after the district court advised Defendant about the consequence of a guilty plea, Defendant persisted in pleading guilty. It continues by stating that after the court received the guilty plea, Defendant asked to waive the right to trial by jury and the court gave consent and approval. The court sentenced Defendant to a prison term of two to five years.

10. Regardless of the entry of his plea and waiver of jury trial, Defendant was not represented by counsel and did not waive his right to such representation. His right to counsel as recognized later by *Gideon* was violated, and his conviction cannot properly be considered under the habitual offender statute. *See Dalrymple,* 75 N.M. at 515, 407 P.2d at 357 (*Gideon* applied retroactively); *see also Watchman,* 111 N.M. at 733, 809 P.2d at 647 (use of uncounseled prior conviction, absent waiver of counsel, to enhance a subsequent conviction fails to satisfy fundamental due process requirements of New Mexico Constitution). The district court erred in using this conviction to enhance Defendant's sentence.

*1959 Conviction*

■ 11. State's Exhibit 2 at the sentencing hearing includes a document entitled "Waiver of Counsel" under the heading and caption of the case concerning Defendant's 1959 Chaves County conviction which reads:

I, Glenn Scott Thornton alias Tex Thornton, the Defendant in the above entitled and numbered case, having been furnished a copy of the Information and advised of my rights, hereby waive my right to be represented by counsel appointed by the Court, and elect to proceed without counsel.

12. Defendant contends that he did not knowingly and intelligently make this waiver of counsel. He identified his signature on the waiver of counsel form and testified that he did not remember when he signed it. He could not remember the judge, but remembered that the district attorney did not ask him about his plea or advise him of his rights.

■ 13. When the defendant raises the validity of a waiver of counsel as an issue, the defendant has the burden of establishing evidence that the waiver was not knowingly, intelligently, and voluntarily given. *See State v. Garcia*, 92 N.M. 730, 732–33, 594 P.2d 1186, 1188–89 (Ct.App.1978); *State v. O'Neil*, 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct.App.1978). After such showing, the district court, as fact finder, determines the validity of the waiver based on the facts and circumstances of the case. *See Smith v. Maldonado*, 103 N.M. 570, 573, 711 P.2d 15, 18 (1985). The burden of persuasion as to the validity of the waiver, or burden of proof, rests with the State. *See Garcia*, 92 N.M. at 732–33, 594 P.2d at 1188–89; *O'Neil*, 91 N.M. at 729, 580 P.2d at 497.

14. In the case on appeal, the State presented as evidence Defendant's waiver of counsel form, as a showing of knowing and voluntary waiver. *Cf. State v. Pino*, 122 N.M. 789, 793, 932 P.2d 13, 17 (Ct.App.1996) (lack of public defender's countersignature on waiver of counsel form does not invalidate waiver in later enhancement proceeding), *certs. denied*, 122 N.M. 589, 929 P.2d 981 (1997). In weighing the facts and circumstances attendant to Defendant's waiver, the district court thus had before it Defendant's signed waiver stating that he was advised of his rights and waived his right to representation by court-appointed counsel, Defendant's testimony that the district attorney did not advise him of his rights, Defendant's lack of memory of the judge, and Defendant's history of fraud-related convictions. The district court also had Defendant's further testimony on direct and cross-examination that he did not recall several aspects of his court proceedings in the 1950s and that he was familiar with the criminal justice system at the time. The district court had substantial evidence to support its determination that the State had met its burden. *See State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983) (standard of review).

*1967 Conviction*

■ 15. Defendant was represented by a court-appointed attorney in connection with his 1967 conviction in Crosby County, Texas. He signed waivers of his right to trial by jury and entered a guilty plea in open court. He argues that the attorney's representation that he received before waiving trial and entering his plea was "pro forma" representation which violated his constitutional right to counsel. *See Dalrymple*, 75 N.M. at 515, 407 P.2d at 357.

16. Defendant testified that he did not recall having an attorney although an attorney signed the waiver forms. Defendant did not remember the attorney's signing. Defendant identified his own signature on the waiver, but stated that he doubted he knew what he was signing. He did not remember what he waived, or anyone asking him if his waiver was voluntary, or that he had a right to a trial. Defendant testified that he met with the attorney one time before Defendant signed his waiver, but he did not talk to the attorney about the waiver.

■ 17. The issue before the district court was one of Defendant's credibility and the weight to be given the evidence. In reviewing the voluntariness of a waiver of a defendant's constitutional rights, this Court recognizes that resolution of factual conflicts, credibility, and the weight of the evidence

are issues for the trier of fact. *See Boeglin,* 100 N.M. at 132, 666 P.2d at 1279. Even uncontradicted testimony need not be accepted, if, among other reasons, it "contains inherent improbabilities" or is "subjected to reasonable doubt as to its truth or veracity, by legitimate inferences drawn from the facts and circumstances." *State v. Lovato,* 112 N.M. 517, 521, 817 P.2d 251, 255 (Ct.App. 1991).

18. We cannot agree that the district court erred in its ruling concerning Defendant's 1967 conviction. Defendant's testimony was contradictory. The waiver he signed stating his desire to enter a plea of guilty and waiving trial by jury specifically states directly above his signature: "This waiver is signed only after conference with and advice from my attorney." Moreover, Defendant stated that he did not recall having an attorney although he later testified that he met with the attorney one time before executing the waiver. His attorney signed the document thereby indicating he had counselled Defendant concerning the waiver and that Defendant had made known his desire to knowingly and voluntarily agree to such waiver. Given the facts and circumstances, the district court had substantial evidence to conclude that the State met its burden of proving that Defendant was afforded representation of counsel and that Defendant's waiver was valid.

*Conclusion*

19. For the foregoing reasons, as well as those set forth in the unpublished portion of this opinion, we vacate Defendant's sentence and remand to the district court to impose a new sentence without consideration given to Defendant's 1955 Texas conviction. We affirm in all other respects the matters appealed by Defendant.

20. IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.