669 P.2d 1098

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Robert C. HRABAK and Frank L. Vomack, Defendants-Appellees.**

**Nos. 7094, 7098.**

Court of Appeals of New Mexico.

Aug. 30, 1983.

Paul G. Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Robert C. Hrabak, pro se.

Frank L. Vomack, pro se.

## OPINION

HENDLEY, Judge.

Defendants were found guilty in separate trials in magistrate court of selling or giving liquor to a minor contrary to NMSA 1978, § 60–7B–1.1(A)(1) (Repl.Pamp.1981). Defendants filed a notice of appeal to the district court. NMSA 1978, Magis.Crim.R. 41(a) (Supp.1982). Subsequently, the State filed a motion to dismiss for violation of the six-month rule. The appeal was not heard within six months of the filing of the notice of appeal. In denying the motion, the court stated that it was at fault since defendants had made a timely request but the court had failed to set a date for a hearing on the appeal. The court then asked the State if it would put on any evidence. Protesting that the court was without jurisdiction to hear any evidence, the State informed the court that it would present no evidence. Upon being so informed, the court dismissed the State's complaint with prejudice. The State appeals.

We affirm.

An appeal must be heard within six months of the filing of the notice of appeal. Magis.Crim.R. 41(i). Defendants have the duty of seeing that the six-month rule is not violated. NMSA 1978, Magis.Crim.R. 33(b)(2) (Repl.Pamp.1981). Any extension of time can only be granted by the Supreme Court. Magis.Crim.R. 33(b)(3) and 41(j). Failure to comply with the six-month rule, absent an extension, which is not involved here, requires a dismissal of the appeal and remand to the magistrate court for enforcement of its judgment.

Two cases dealing with the municipal and magistrate rules, under various factual postures, offer guidance. *Village of Ruidoso v. Rush,* 97 N.M. 733, 643 P.2d 297 (Ct.App. 1982); *State v. Rivera,* 92 N.M. 155, 584 P.2d 202 (Ct.App.1978).

In *Rivera,* the defendant had filed a timely motion in district court to hear the appeal at the earliest convenience, but no hearing was ever obtained. The district court subsequently dismissed the complaint with prejudice for the failure of the magistrate court to file a proper transcript. In holding that the appeal to the district court should be dismissed and the case remanded to the magistrate court for enforcement of its judgment, the court noted that the district court had no authority to dismiss the appeal with prejudice for failure of the magistrate court to forward a proper transcript and that Magis.Crim.R. 41(d) did not relieve the defendant of seeing that a proper transcript was forwarded to the district court.

In *Rush,* the prosecutor had agreed with defendant not to assert the six-month limitation. On its own motion, the district court dismissed the appeal for violation of the six-month rule. The court in *Rush* distinguished *Rivera,* noting that in *Rush* the defendant did not present the appeal in a timely fashion due to the reliance on the promise of the prosecutor not to assert the six-month rule. Also, in *Rivera* the court dismissed the complaint, which was totally unauthorized, on the grounds sought by defendant—a proper transcript had not been filed. *Rush* stands for two propositions. First, the six-month rule is not a jurisdictional rule. Second, *Rush* speaks in terms of unfairness in the due process sense—the

district court negating the prosecutor's argument.

■ The instant case is similar to *Rush.* The district court stated that it was at fault in not setting the appeal for hearing and that the defendants were not at fault. It would be unfair in the due process sense to have dismissed the appeal. Defendants were not seeking profit from the delay. As in *Rush,* all that the defendants were requesting was a district court hearing. The trial court did not err in denying the State's motion to dismiss the appeal.

As we stated in *Rush,* the six-month magistrate rule is not jurisdictional. Upon the State's response that it would not put on any evidence, the district court had jurisdiction to dismiss the complaint with prejudice. *See State v. Lopez,* 99 N.M. 385, 658 P.2d 460 (Ct.App.1983).

Affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and DONNELLY, J., concur.