855 P.2d 1050

**Andres VARELA, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 20170.**

Supreme Court of New Mexico.

June 15, 1993.

Robert T. DeVoe, Albuquerque, for petitioner.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Chief Justice.

Andres Varela appealed to the district court from his metropolitan court conviction on a charge of driving while intoxicated. When the appeal had not been resolved within the six-month time limit set by SCRA 1986, 7–703(J) (Repl.Pamp.1990), Varela petitioned this Court for an extension and was denied. The district court dismissed and Varela appealed to the Court of Appeals, which affirmed—refusing to consider an ineffective assistance of counsel claim because it believed that this Court already had decided that claim in reviewing the petition for extension. Under writ of certiorari, we reverse the Court of Appeals and the district court, and we remand to the district court.

*Facts.* On August 1, 1990 Varela filed his notice of appeal to the district court along with an affidavit of indigency. The district court entered an order granting free process, and in accordance with his right to counsel, *see Peralta v. State,* 111 N.M. 667, 667, 808 P.2d 637, 637 (1991), the public defender entered an appearance on Varela's behalf. Appeals from the metropolitan court to the district court are de novo. SCRA 7–703(I). Four times the case was set for trial and four times the trial was postponed. On September 13 the trial was continued when Varela's court-appointed counsel failed to subpoena a necessary witness. A November 15 setting was vacated on motion of the court because it was presiding over another trial. On December 6 the district attorney requested a continuance; and on December 27 the trial could not be held because a defense witness, who had been subpoenaed, failed to appear. A fifth trial date was set for February 7, 1991. February 2 marked the passage of six months since filing of the notice of appeal, and at the February 7 hearing the court told Varela that it was going to dismiss because the court was without jurisdiction to hear the case. Varela responded with a claim of ineffective assistance of counsel based on the public defender's failure to take action to get an extension of the six-month time limit. The court advised Varela that it would allow him to file a motion for a hearing on his ineffective assistance claim if he filed it by February 15. Varela filed the motion and a hearing was set for March 20.

The lone exception to the six-month limit is a one-time extension of up to ninety days that may be requested by petition to a justice of the New Mexico Supreme Court.

SCRA 7–703(K). A petition requesting such an extension must be filed within the six-month time period and may be granted upon a showing of good cause. *Id.* On February 18, Varela filed a petition for an extension with this Court. However, since Varela's petition for an extension was not filed within the six-month limitation period, it was denied.

By the time of the March hearing, the district court was faced not only with the expired time period for the appeal, but also with this Court's denial of an extension. The district court refused to consider the ineffective assistance claim on the grounds that it lacked jurisdiction. The district court dismissed and remanded to the metropolitan court pursuant to Rule 7–703(J). Varela appealed the dismissal to the Court of Appeals, which affirmed in a memorandum opinion.

■ *Habeas corpus is not the appropriate remedy for this case.* The attorney general argues that a state habeas corpus action is Varela's appropriate remedy. The United States Supreme Court has said:

> If ... a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights. For instance the Kentucky Supreme Court itself in other contexts has permitted a post-conviction attack on the trial judgment as "the appropriate remedy for frustrated right of appeal,"; this is but one of several solutions that state and federal courts have permitted in similar cases.

*Evitts v. Lucey,* 469 U.S. 387, 399, 105 S.Ct. 830, 838, 83 L.Ed.2d 821 (1985) (citation and footnote omitted). New Mexico recognizes habeas corpus as appropriate for making a record on ineffective assistance claims, *see State v. Stenz,* 109 N.M. 536, 539, 787 P.2d 455, 458 (Ct.App.), *cert. denied,* 109 N.M. 562, 787 P.2d 842 (1990); but, while a threat of incarceration under the metropolitan court conviction probably would support such a proceeding, we do not believe it comports with judicial economy to require collateral proceedings in this case. We already have before us the question of whether the district court had jurisdiction to decide the ineffective assistance question.

■ *The six-month rule is not jurisdictional.* Varela argues, and the State and Court of Appeals have acknowledged, that expiration of the six-month time limit is not a jurisdictional bar to commencement of a trial de novo. While this particular point has not been decided by this Court under Rule 7–703, the Court of Appeals has twice held that rules governing the time for de novo appeals to district courts from inferior courts are not jurisdictional. *See State v. Hrabak,* 100 N.M. 303, 305, 669 P.2d 1098, 1100 (Ct.App.1983) (holding six-month magistrate court rule should not be asserted where delay was not defendant's fault); *Village of Ruidoso v. Rush,* 97 N.M. 733, 734, 643 P.2d 297, 298 (Ct.App.1982) (holding six-month municipal court rule not mandatory where state agreed not to assert rule). Rather than being a jurisdictional limitation, the six-month limit for appeals to the district courts is, like the time constraints of our rules of appellate practice, a "mandatory precondition" to the exercise of the court's jurisdiction. *See Govich v. North Am. Sys., Inc.,* 112 N.M. 226, 230, 814 P.2d 94, 98 (1991).

■ In most circumstances, a district court must adhere to the rules of procedure and dismiss a case where a mandatory precondition has not been met. Exceptions to the enforcement of the six-month rule have been made, however, where enforcement of the mandatory precondition would not be just and fair. *Hrabak,* 100 N.M. at 305, 669 P.2d at 1100 (affirming district court's refusal to dismiss where delay was due to court's failure to set a hearing date); *Rush,* 97 N.M. at 734, 643 P.2d at 298 (reversing dismissal where state agreed to not assert the six-month rule); *see Govich,* 112 N.M. at 230, 814 P.2d at 98 (facilitating right of first appeal by liberally construing a procedural rule). The district court retained jurisdiction over the appeal from metropolitan court, including jurisdiction to hear the ineffective assistance claim, even though Varela had not met the mandatory

precondition that the appeal be heard within six months.

*Ineffective assistance of counsel claim not considered in denial of extension.* The most important distinction between this case and *Hrabak* and *Rush* is the additional fact that this Court denied Varela's request for an extension of the six-month time limit. We note that the district court initially announced that it intended to dismiss Varela's appeal, but, prior to the petition for extension, the court agreed to hear Varela's ineffective assistance claim. It was only after the extension was denied by this Court that the court refused the hearing.

In affirming the dismissal, the Court of Appeals stated that it was "not persuaded that the supreme court would automatically deny a petition as untimely when defendant claims that the untimeliness was a consequence of ineffective assistance of counsel." The record of the Rule 7–703(K) petition to this Court reflects the following argument by Varela:

a. Mr. Varela received ineffective assistance of counsel when the Public Defender failed to provide an attorney to review hearing notices that come into the metropolitan division to check for settings outside the rule deadline. At present, no attorney reviews the file upon receipt of a hearing notice, and there is thus no institutional check upon settings outside the rule. Instead, a letter about the hearing date is sent to the client; this notice is generated by secretarial staff and a computer which prints the letters overnight.

b. An appellate court has the inherent power and the duty to guard against a denial of a defendant-appellant's right to an appeal which is caused by ineffective assistance of counsel. The Appellate Defender presented to the court and counsel copies of *State v. Duran*, 105 N.M. 231, 731 P.2d 374 (Ct.App.1986) and *State v. Peppers*, 110 N.M. 393, 796 P.2d 614 (Ct.App.1990).

c. There is a conflict of interests in the Public Defender Department's continued representation of Mr. Varela, as his effective representation requires that his counsel raise a meritorious claim of ineffective assistance of counsel against the department. Bob Cooper was present to assist and to explain to Mr. Varela what was happening, but he was not prepared to question witnesses and make a record.

The Court of Appeals declined to decide the identical issue that it believed was presented to and necessarily decided by this Court. In the State's memorandum in response to Varela's motion, the only substantive argument raised in opposition to an extension was that Varela filed the petition requesting an extension after the time for filing it had run. In point of fact, the denial of the request for an extension was based solely on the fact that the extension was requested after the expiration of the time limitation of Rule 7–703(K), and this Court did not consider whether ineffective assistance of counsel may have overcome the mandatory precondition to the district court's exercise of jurisdiction. We do so now.

■ *Ineffective assistance of counsel claim should be heard on the merits.* What is at issue is the tension between a mandatory precondition to the district court's exercise of jurisdiction and Varela's constitutional right to effective assistance of counsel. *Compare Lowe v. Bloom*, 110 N.M. 555, 798 P.2d 156 (1990) and *Govich*, 112 N.M. at 230, 814 P.2d at 98 *with Peralta*, 111 N.M. at 668, 808 P.2d at 638.

In *Lowe*, the appellant in a civil case did not make a bona fide attempt to timely invoke appellate jurisdiction. While noting that our appellate courts liberally construe appellate rules when their jurisdiction has been invoked, this Court stated that discretion cannot be exercised concerning rules that govern proper invocation of appellate jurisdiction. *See Lowe*, 110 N.M. at 555–56, 798 P.2d at 156–57. In *Govich*, we explained that, except when sought to excuse or justify an improper attempt to invoke our jurisdiction with respect to the mandates for time and place of filing a notice of appeal, discretion may be exercised in the grant of an exception to a mandatory precondition to the exercise of jurisdiction. *See Govich*, 112 N.M. at 230,

**590**

814 P.2d at 98 (deferring to the policy that courts should facilitate the right to one appeal and recognizing that the purpose of the notice rule was vindicated in that case). In *Peralta*, the trial court dismissed an appeal at trial de novo solely because the appellant's appointed counsel was not prepared to proceed. We held that the appellant could not be charged with his court-appointed counsel's lack of preparedness and that justice and fairness precluded dismissal of the appeal based upon that lack of preparedness. Mandatory preconditions to the exercise of the court's jurisdiction were not at issue, but rather at issue was the constitutional right to counsel in either a trial of guilt or on first appeal. *See Peralta*, 111 N.M. at 668, 808 P.2d at 638.

When the state purports to satisfy a criminal defendant's constitutional right to counsel, we are inclined to believe that ineffective assistance of the appointed counsel may overcome the mandatory precondition to the district court's exercise of jurisdiction under Rule 7–703(J). We hold the district court did have jurisdiction to hear evidence and resolve the tension between the mandatory precondition to the exercise of its jurisdiction and Varela's constitutional right to effective assistance of counsel. It was, therefore, error for the district court to dismiss the appeal on that basis.

We remand this case to the district court for a hearing on Varela's ineffective assistance claim. If the claim is found to be meritorious, his appeal on the driving while intoxicated charge may be heard immediately by the district court.

IT IS SO ORDERED.

FRANCHINI and FROST, JJ., concur.