1997-NMSC-063

951 P.2d 619

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Taft HOSTEEN, Defendant–Petitioner.**

**No. 23767.**

Supreme Court of New Mexico.

Nov. 21, 1997.

Dorothy C. Sanchez, Albuquerque, for Defendant–Petitioner.

Tom Udall, Attorney General, Max Shepherd, Assistant Attorney General, Santa Fe, for Plaintiff–Respondent.

## OPINION

MINZNER, Justice.

[1] Defendant Taft Hosteen appeals from a judgment and sentence entered following a plea agreement and a hearing at which the district court found the State had proved three prior convictions for driving while intoxicated contrary to NMSA 1978, § 66–8–102 (1997) (felony DWI). In a plea agreement, Hosteen pleaded guilty, in the alternative, to a single charge of felony DWI or, if the State was unable to prove three prior convictions, to misdemeanor DWI under Section 66–8–102, and one count of failure to maintain a traffic lane contrary to NMSA 1978, § 66–7–317(A) (1978). The district court then found the State had proved three prior convictions and sentenced Hosteen to eighteen months; however, the court credited him with the time he had served (153 days) and placed him on probation for the balance of the term of imprisonment, plus one year.

[2] On direct appeal to the Court of Appeals, Hosteen argued that he was denied effective assistance of counsel. *See State v. Hosteen,* 1996 NMCA 084, ¶ 3, 122 N.M. 228, 923 P.2d 595, *cert. granted,* 122 N.M. 227, 923 P.2d 594 (1996). He also argued against the application of *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). *Hosteen,* 1996 NMCA 084, ¶ 10, 122 N.M. 228, 923 P.2d 595 ("Defendant argues that the *Nichols* holding is limited to allowing an uncounseled prior conviction to be considered during the sentencing phase of a criminal prosecution, and it is not to be used in considering whether a misdemeanor should be converted to a felony."). The Court of Appeals rejected both arguments. *Id.* ¶ 19. Because Hosteen expressly limited his argument to the application of *Nichols,* the Court of Appeals determined that the issue of whether the New Mexico Constitution affords more protection than does the United States Constitution had been abandoned and consequently the Court of Appeals did not address that issue in its opinion. *Id.*

¶¶ 19–20. The Court of Appeals affirmed Hosteen's conviction and sentence for felony DWI, pursuant to Section 66–8–102(G).

[3] Hosteen appealed to this Court. We initially denied certiorari. On motion for reconsideration, we withdrew our order denying certiorari, granted certiorari on the issue the Court of Appeals had not addressed, and consolidated this case with *State v. Gonzales,* 1997 NMSC 050, 124 N.M. 171, 947 P.2d 128, which appeared to raise a common issue or issues. We subsequently decided *Gonzales* raised an issue that merited separate consideration. This case also raises issues that merit separate consideration.

■ [4] On appeal to this Court, Hosteen argues that the district court denied his state constitutional right to due process when the court relied on two prior convictions—one in 1981, one in 1980—for which he lacked counsel. The 1981 conviction resulted in a sentence of imprisonment. Under *Nichols,* use of that conviction to enhance Hosteen's current conviction would deny him due process guaranteed by the federal constitution, *see Gonzales,* 1997 NMSC 050, ¶ 12, 947 P.2d 128, unless he had waived his right to counsel. In *Gonzales,* we decided that a prior uncounseled misdemeanor conviction could be used to enhance a subsequent conviction, provided the prior conviction did not result in a sentence of imprisonment or, if it had resulted in a sentence of imprisonment, the right to counsel had been validly waived. *Gonzales,* 1997 NMSC 050, ¶ 12, 124 N.M. 171, 947 P.2d 128. Hosteen concedes on appeal that his counsel stipulated to the use of the 1981 conviction.

■ [5] Nevertheless, Hosteen argues that the State failed to establish the validity of the waiver of counsel that appeared in the record and that his counsel provided ineffective assistance of counsel in failing to challenge its use to enhance his current conviction. (This contention is similar to the argument made to the Court of Appeals regarding the 1980 conviction. *Hosteen,* 1996 NMCA 084, ¶¶ 3–5, 122 N.M. 228, 923 P.2d 595.) We conclude that the argument that the State failed in its burden of proof has

been waived. We also conclude that we have an inadequate record to review for ineffective assistance of counsel. *See id.* On this record, Hosteen has not established a prima facie case of ineffective assistance of counsel in this Court regarding the 1981 conviction. *See State v. Gonzales,* 1992 NMSC 002, 113 N.M. 221, 229–230, 824 P.2d 1023, 1031–32 (1992).

[6] Hosteen also argues that the district court erred in relying on the 1980 conviction to enhance his current conviction from a misdemeanor to a felony, pursuant to Section 66–8–102(G), because the record does not show either that he had counsel or that he waived counsel. He contends that under the New Mexico Constitution he was denied due process. Today we have decided that no independent state constitutional ground for precluding the use of a prior uncounseled misdemeanor conviction has been established. *State v. Woodruff,* 1997 NMSC 061, ¶ 37, 124 N.M. 388, 951 P.2d 605. We apply that holding to this case. *Cf. State v. Kirby,* 1996 NMSC 069, ¶ 8, 122 N.M. 609, 930 P.2d 144 (applying "existing law to a pending case" in the context of certiorari taken for "possible consolidation").

[7] In this case, the record does not indicate whether the 1980 conviction resulted in a term of imprisonment. However, the docketing statement recites that the court's order found Defendant "guilty of DWI and other offenses … but did not impose any period of incarceration." We may accept the docketing statement as a correct statement of the facts. *See State v. Talley,* 103 N.M. 33, 39, 702 P.2d 353, 359 (Ct.App.1985). In this case, the docketing statement recites facts that explain, and are consistent with, the exhibits that are all part of the record proper. We therefore rely on the docketing statement to supplement the record proper. In view of our disposition in *Woodruff,* we conclude that the district court correctly relied on the 1980 conviction to enhance Hosteen's current conviction.

[8] For the foregoing reasons, we conclude the judgment and sentence of the district court should be affirmed. We therefore affirm the decision of the Court of Appeals.

[9] **IT IS SO ORDERED.**

FRANCHINI, C.J., and BACA, SERNA and McKINNON, JJ., concur.