This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VILLAGE OF RUIDOSO,**

    Plaintiff-Appellee,

v.                                  **NO. 30,545**

**LOGAN GARRISON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Bryant, Schneider-Cook Law Firm, P.A.
Daniel A. Bryant
Ruidoso, NM

for Appellee

Logan Garrison
Ruidoso, NM

Pro se Appellant

### MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from the district court's dismissal of his de novo appeal from a municipal court judgment. We issued a calendar notice proposing summary reversal. The Village of Ruidoso filed a memorandum in opposition to our notice of proposed summary disposition. Remaining unpersuaded, we reverse and remand to the district court with instructions to set the matter for trial.

Defendant was convicted of various traffic-related offenses in municipal court. The municipal court judgment and sentence was entered on August 14, 2009. [RP 2-3] Defendant timely filed a notice of appeal in district court on August 27, 2009, in compliance with Rule 8-703(J) NMRA (providing for de novo trial on appeal from a municipal court judgment). [RP 1] Defendant also filed a request for trial setting at that time. [RP 1] *See* Rule 8-702(B) NMRA (stating that the defendant shall file a request for a trial date at the time of filing the notice of appeal).

The case was originally assigned to Judge Karen Parsons, who was excused on September 8, 2009. [RP 23] The case was then assigned to Judge Jerry Ritter, who recused himself on November 30, 2009. [RP 81] The case was then assigned to Judge James W. Counts, and a trial date was set for February 19, 2010. [RP 81, 86] On February 18, the day before trial, the Village of Ruidoso filed a motion to continue the trial, asserting that the citing officer was not available for trial because he was

scheduled to be in a training session. [RP 87] Defendant opposed a continuance. [RP 87] The district court granted the motion and entered an order vacating the trial set for the next day. [RP 91] The district court did not set a new date for trial.

On February 26, 2010, Defendant filed a request for a timely hearing, in which he noted that the original trial setting had been vacated over his objections, that he was not responsible for any delays in the case, and that he was seeking to have his appeal heard in a timely manner. Defendant requested that a trial date be set within six months of his filing of his notice of appeal. [RP 92-94] There is no indication in the record that the district court took any action on Defendant's request to set a trial date.

On March 10, 2010, Defendant filed a motion to dismiss the charges with prejudice for failure to timely prosecute within six months. [RP 96] The Village of Ruidoso filed a response to the motion to dismiss, in which it asserted that (1) the time limits for de novo appeal in district court ran on February 27, 2010; (2) that Defendant bore the burden to ensure that his appeal was heard within six months or to seek an extension from the Supreme Court; and (3) the de novo appeal should be dismissed and the judgment of the magistrate court should be enforced. [RP 103-105] At the hearing on the motion to dismiss, the Village argued and the district court agreed that it was Defendant's burden to seek an extension of time from the Supreme Court before the six months ran. [RP 118] The district court ordered the case dismissed and

3

remanded to the municipal court for enforcement of its judgment. [RP 118] Defendant appeals.

We reverse. Rule 8-703(L), which requires all appeals from the municipal court to be brought within six months is not jurisdictional and can be waived by the parties. *See Valera v. State*, 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993) (explaining that six-month metropolitan court rule should not be asserted where delay was not defendant's fault); *State v. Hrabak*, 100 N.M. 303, 305, 669 P.2d 1098, 1100 (Ct. App. 1983) (holding six-month magistrate court rule should not be used against a defendant when the delay is the fault of the district court); *Vill. of Ruidoso v. Rush*, 97 N.M. 733, 734, 643 P.2d 297, 298 (Ct. App. 1982) (stating the six-month municipal rule should not be used against the defendant where the prosecution had agreed not to assert the rule). As the six-month rule is not jurisdictional, it should only be enforced by the district court when it is "just and fair." *See Valera*, 115 N.M. at 588, 855 P.2d at 1052.

In *Hrabak*, 100 N.M. at 305, 669 P.2d at 1100, this Court affirmed the district court's refusal to dismiss the defendants' appeal when the defendants made a timely request for a hearing, but the court failed to set a hearing date. This Court stated that it "would be unfair in the due process sense to have dismissed the appeal" when the defendants were not seeking to profit from the delay. *Id.* Like the defendant in

4

*Hrabak*, in this case, Defendant made a timely request for a hearing, and in fact had a trial date set that was vacated over his objection. Additionally, it does not appear that Defendant was seeking to profit from the delay. As in *Hrabak*, it would be unfair in the due process sense to dismiss Defendant's appeal when Defendant made a timely request for setting, the Village of Ruidoso sought to vacate the trial setting on the eve of trial due to its own witness's unavailability, and the court vacated the trial setting without setting a new trial date. We also fail to see any prejudice to the Village of Ruidoso.

In its memorandum in opposition, the Village of Ruidoso argues that Defendant had the burden to request a new trial setting immediately after the district court vacated the February 19, 2010, trial date. [MIO 1] We disagree. *See* Rule 8-703(M) (stating that the party seeking an extension of the time limits prescribed by Rule 8-703(L) must file a verified petition stating the reasons why good cause exists for an extension). Under the circumstances of this case, we hold that Defendant's attempts to secure a trial date were adequate and fulfilled the requirements of Rule 8-702(B). *See* Rule 8-702(B) (stating that the defendant has the duty of obtaining a trial before the district court within six months of filing of the notice of appeal and shall request a trial date at the time of filing the notice of appeal).

Moreover, the decision to dismiss an appeal is extreme and must be determined

on a case-by-case basis. *See, e.g.*, *Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977). Under the circumstances of this case, the district court improperly enforced Rule 8-703 against Defendant, despite his attempts to secure trial dates, and the district court's dismissal was an abuse of discretion. The district court need not have granted Defendant's motion to dismiss the charges, but it should have provided Defendant with a de novo trial date.

We reverse the district court and remand for a de novo trial.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**