This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 30,647**

**JOHNNY ANGEL BUSTAMANTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for distribution of marijuana contending there was insufficient evidence to support the conviction and contending that his counsel

was ineffective. We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm his conviction.

**Ineffective Assistance of Counsel**

In his docketing statement and again in his memorandum in opposition, Defendant claims his trial counsel was ineffective. [MIO 7-13; DS 9-15] "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *State v. Talley*, 103 N.M. 33, 36, 702 P.2d 353, 356 (Ct. App. 1985)). "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that [the d]efendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Aker*, 2005-NMCA-063, ¶ 34 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666). It is usually Defendant's "burden to show both incompetence and prejudice." *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494.

In his docketing statement, Defendant claimed that defense counsel was ineffective because he had a relationship with one of the investigating officers, he failed to interview certain witnesses who did not appear at trial, he counseled Defendant to accept a plea, and he failed to call Defendant's girlfriend as a witness. [MIO 10-13; DS 9-12]   In our notice, we proposed to affirm and to hold that Defendant had failed to establish a prima facie case of ineffective assistance of counsel because the matters complained of were not of record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (stating that without a record, we cannot consider a defendant's claim of ineffective assistance of counsel on direct appeal).   Furthermore, we noted that even if we were to consider Defendant's arguments, we would propose to affirm because Defendant had failed to show how he was prejudiced by any of the alleged deficiencies. *See Aker*, 2005-NMCA-063, ¶ 34 (stating that a defendant must show that he suffered prejudice as a result of his counsel's deficiencies such that "there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (citation omitted)).  Finally, we proposed to affirm because trial counsel's decisions as to plea agreements and witness presentation are matters of strategy which we will not second guess. *See Lytle*, 2001-NMSC-016, ¶ 43.

In his memorandum in opposition, Defendant claims he told his attorney that

he was uncomfortable with the attorney's friendship with Agent Mora and claims he attempted to obtain alternative trial counsel because his trial attorney had been retained by his insurance. [MIO 4-5] However, he also concedes he did not advise the district court of this situation nor ask for another attorney, [MIO 5] and acknowledges that "most of the evidence related to his ineffective assistance claim" depends on evidence outside the record. [MIO 8] He further recognizes that our appellate courts have expressed a preference for *habeas corpus* proceedings to review such claims. [MIO 8] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that, if the record on appeal does not establish a prima facie case of ineffective assistance of counsel, the defendant must pursue this claim in a habeas corpus proceeding).

Despite the absence of evidence in the record to support his claim of ineffective assistance, Defendant nonetheless asks this Court to consider his claim because his sentence might be complete before he is able to pursue a *habeas* appeal and "it would not comport with judicial economy or his right to appeal" to require him to bring this as a *habeas* proceeding. [MIO 8-9] He cites to *Varela v. State*, 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993), in support of his argument that he should be entitled to have this Court consider his claims of ineffective assistance despite the lack of evidence in the record. [MIO 9] *See id.* (allowing a claim of ineffective assistance

4

of counsel that affected the defendant's right to appeal to be heard on direct appeal). However, *Varela* concerns whether counsel's ineffective assistance may have adversely affected the defendant's right to appeal. *See id.* This is not at issue in this case because this Court has considered the merits of Defendant's appeal; in our notice of proposed summary disposition we considered the merits of Defendant's challenge to the sufficiency of the evidence. Therefore, we are unpersuaded by Defendant's citation to *Varela* because that holding "[is] unique to the particularly complex procedural posture of that case." *State v. Hosteen*, 1996-NMCA-084, ¶ 8, 122 N.M. 228, 923 P.2d 595, *aff'd.*, 1997-NMSC-63, 124 N.M. 402, 951 P.2d 619.

Based on Defendant's failure to establish a prima facie case of ineffective assistance of counsel, we decline to consider this issue on direct appeal or to remand to the district court for an evidentiary hearing on this matter. *See id.* ¶¶ 8-9.

**Sufficiency of the Evidence**

In his docketing statement, Defendant challenged the sufficiency of the evidence to support his conviction for distribution of marijuana. [DS 15] A sufficiency of the evidence review involves a two-step process. Initially, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). Then, we must make a legal

determination of whether the evidence viewed in this manner could justify a finding by a rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt. *Id.* at 766, 877 P.2d at 760. We do not weigh the evidence or substitute our judgment for that of the fact finder. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

In our notice of proposed summary disposition, we reviewed the evidence summarized in Defendant's docketing statement and proposed to hold that the jury could find, beyond a reasonable doubt, that Defendant committed the offense of distributing marijuana. In his memorandum in opposition, Defendant renews his sufficiency challenge. [MIO 14-16] However, he does not suggest that the evidence reviewed in our previous notice is incorrect. [MIO 1-7, 14-16] Moreover, he raises the same concerns that were addressed in our previous notice without convincing us that we erred in our previous analysis. [MIO 14-16; DS 4, 6-8] Therefore, for the reasons set forth in our notice of proposed summary disposition, we remain convinced that there was sufficient evidence to support Defendant's conviction for distribution of marijuana.

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**