This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

**v.**                                                                                          **No.  31,642**

**MICHAEL DAVID MOHAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his convictions for larceny (over $20,000) and non-residential burglary claiming that his counsel was ineffective. We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm his conviction.

**Ineffective assistance of counsel**

In his docketing statement and again in his memorandum in opposition, Defendant claims his trial counsel was ineffective. [MIO 2-5; DS unnumbered page 6] He raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct App. 1985). [MIO 4; DS 6] "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (citing *State v. Talley*, 103 N.M. 33, 36, 702 P.2d 353, 356 (Ct. App. 1985)). "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Aker*, 2005-NMCA-063, ¶ 34 (quoting *Lytle v. Jordan*, 2001-NMSC-016,

¶¶ 26-27, 130 N.M. 198, 22 P.3d 666). It is usually Defendant's "burden to show both incompetence and prejudice." *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494.

In our notice of proposed summary disposition, we proposed to affirm because Defendant had failed to show that his counsel's performance was deficient or that he suffered prejudice as a result of any alleged deficiencies in counsel's performance. In his memorandum in opposition, Defendant fails to rebut any of the analysis contained in our proposed disposition. Instead he adds an additional contention, claiming counsel was ineffective in failing to call a witness who supposedly would have provided testimony favorable to the defense. [MIO 3-4] However, Defendant agrees that this claim was not developed below. [MIO 4] Therefore, we are not persuaded that Defendant has established a prima facie case of ineffective assistance because none of counsel's alleged deficiencies are a matter of record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (stating that "[w]ithout a record, we cannot consider Defendant's claim of ineffective assistance of counsel on direct appeal").

Despite the lack of evidence in the record, Defendant urges us to assign this matter to the general calendar or to remand for an evidentiary hearing concerning his

allegations. [MIO 4] He claims that, despite the lack of evidence, failure to remand would not comport with judicial economy given that his appeal is already before this Court, citing to *Varela v. State*, 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993), in support of his contention. [MIO 4] We are unpersuaded. In *Varela*, the Supreme Court considered whether the district court had wrongfully determined that it did not have jurisdiction to consider the defendant's ineffective assistance claim resulting in the district court's refusal to consider the merits of the defendant's appeal from metropolitan court. *See id.* at 588-590, 855 P.2d at 1052-1054. The holding in *Varela* "[is] unique to the particularly complex procedural posture of that case" and does not warrant reconsideration of our proposed disposition in this matter. *State v. Hosteen*, 1996-NMCA-084, ¶ 8, 122 N.M. 228, 923 P.2d 595, *aff'd,* 1997-NMSC-063, 124 N.M. 402, 951 P.2d 619.

Based on Defendant's failure to establish a prima facie case of ineffective assistance of counsel, we decline to consider this issue on direct appeal or to remand to district court for an evidentiary hearing on this matter. *See Hosteen*, 1996-NMCA-084, ¶¶ 8-9 (declining to remand to the district court for an evidentiary hearing when the defendant failed to establish a prima facie case of ineffective assistance of counsel). However, we recognize that Defendant may raise his

4

ineffective assistance claims pursuant to a *habeas corpus* proceeding. [MIO 5] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (recognizing that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**Conclusion**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**J. MILES HANISEE, Judge**

5