This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              No. 31,615

**THOMAS TYLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
John Dean, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for aggravated DWI (fifth offense), after a jury trial. We proposed to affirm in a second notice of proposed summary disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm his conviction.

**Sufficiency of the evidence**

Defendant challenges the sufficiency of the evidence to support his conviction for aggravated driving under the influence of intoxicating alcohol (DWI) (fifth offense). [DMIO 5-7; DS unnumbered page 4] He raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (1985). [DMIO 7]

In our second notice, we reviewed the evidence introduced at trial and proposed to affirm and to hold that there was sufficient evidence to support Defendant's conviction. Defendant fails to challenge the evidence reviewed in our second notice. [DMIO 6-7] Therefore, for the reasons set forth in our second notice of proposed summary disposition, we affirm on Defendant's sufficiency challenge and hold that there was sufficient evidence to support his conviction for DWI (fifth offense).

**Ineffective assistance of counsel**

2

In his docketing statement and again in his memorandum in opposition, Defendant claims his trial counsel was ineffective. [DMIO 2-5; DS 3] He raises this contention pursuant to *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. [DMIO 4] "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (citing *State v. Talley*, 103 N.M. 33, 36, 702 P.2d 353, 356 (Ct. App. 1985)). "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* ¶ 34 (internal quotation marks and citation omitted). It is usually Defendant's "burden to show both incompetence and prejudice." *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494.

In his docketing statement, Defendant claimed that his counsel was ineffective in failing to object to admission of the breath alcohol test results and failing to file a motion to suppress, challenging the investigatory stop. [DS 3] In our second notice of proposed summary disposition, we proposed to affirm because Defendant had

failed to show that his counsel's performance was deficient or that he suffered prejudice as a result of any alleged deficiencies in counsel's performance.

In his memorandum in opposition, Defendant fails to rebut any of the analysis contained in our proposed disposition. [DMIO 3-5] However, he sets forth a long list of counsel's alleged deficiencies. [DMIO 3-4] Specifically, he claims that trial counsel failed to "present and confirm" Defendant's legal documents, that there were additional patrol units at the scene during Defendant's arrest, that Officer Jemmett changed his statement three times about the circumstances of the arrest, and that there were no police reports or written statements of Jemmett given to Defendant during discovery. [DMIO 3] Defendant further claims that counsel failed to move for a change of venue despite Defendant's requests to do so, that he failed to hire a private investigator, failed to get new counsel despite requests to do so, and failed to subpoena witnesses. [DMIO 4] Finally, Defendant contends that the results of a private investigation were not presented at trial, no continuances were sought despite Defendant's request, and Defendant's counsel refused Defendant's request to take the stand and testify in his own behalf. [DMIO 4]

Defendant acknowledges that none of these alleged deficiencies were developed below despite his burden to establish a prima facie case of ineffective assistance. [DMIO 4] *See Grogan*, 2007-NMSC-039, ¶ 11. Therefore, we are not persuaded that

4

Defendant has established a prima facie case of ineffective assistance because none of counsel's alleged deficiencies are a matter of record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (stating that "[w]ithout a record, we cannot consider Defendant's claim of ineffective assistance of counsel on direct appeal").

Defendant urges this Court to consider his ineffective assistance claim and remand for an evidentiary hearing because this appeal is already before the Court. [DMIO 4-5] He claims it would not comport with judicial economy to require collateral proceedings in this case, citing to *Varela v. State*, 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993), in support of his contention. [DMIO 4-5] We are unpersuaded.

In *Varela*, the Supreme Court considered whether the district court had wrongfully determined that it did not have jurisdiction to consider the defendant's ineffective assistance claim, resulting in the district court's refusal to consider the merits of the defendant's appeal from metropolitan court. *See id.* at 588-590, 855 P.2d at 1052-1054. The holding in *Varela* "[is] unique to the particularly complex procedural posture of that case" and does not warrant reconsideration of our proposed disposition in this matter. *State v. Hosteen*, 1996-NMCA-084, ¶ 8, 122 N.M. 228, 923 P.2d 595, *aff'd,* 1997-NMSC-063, 124 N.M. 402, 951 P.2d 619.

Based on Defendant's failure to establish a prima facie case of ineffective assistance of counsel, we decline to consider this issue on direct appeal or to remand to district court for an evidentiary hearing. *See id.* ¶¶ 8-9 (declining to remand to the district court for an evidentiary hearing when the defendant failed to establish a prima facie case of ineffective assistance of counsel). However, we recognize that Defendant may raise his ineffective assistance claims pursuant to a *habeas corpus* proceeding. [DMIO 5] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (recognizing that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**Conclusion**

For the reasons set forth above as well as those set forth in our second notice of proposed summary disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

6

**MICHAEL E. VIGIL, Judge**


_____

**LINDA M. VANZI, Judge**