This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                          **NO. 31,760**

**JUSTIN D. NESBIT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals his conviction for aggravated battery (deadly weapon), raising seven issues on appeal. We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm his conviction.

We turn to the first three issues raised by Defendant in his docketing statement. Defendant claims that: (1) the district court erred in granting the prosecution's motion to excuse Juror #19 over Defendant's objection; (2) there was insufficient evidence to support his conviction for aggravated battery (deadly weapon); and (3) he was improperly impeached with unsworn, out-of-court statements. [DS 16] In our notice of proposed summary disposition, we proposed to affirm on all of these issues. In his memorandum in opposition, Defendant reiterates his arguments, but he fails to challenge the analysis contained in our notice or to add any new arguments or authority that might lead us to question our proposed disposition. [MIO 2-5] Therefore, for the reasons set forth in our previous notice of proposed summary disposition, we affirm on Defendant's first three issues.

As his fourth issue, Defendant claimed that the prosecutor committed misconduct by improperly impeaching Defendant with Defendant's own statements made before trial. [DS 16] He also claimed that the prosecutor committed misconduct

by implying to the jury during cross examination and then attempting to argue during closing, that Defendant must be lying because he exercised his fundamental right to confront the evidence against him and to appear at his own trial. [DS 16-17]

As to the alleged improper impeachment, we proposed to affirm and to hold that the prosecution did not improperly impeach Defendant. We proposed to affirm for the reasons set forth in our analysis of Defendant's third issue discussing why the admission of Defendant's prior inconsistent statements was not in error. In his memorandum in opposition, Defendant fails to challenge our proposed disposition on this issue. [MIO 6-7] Therefore, for the reasons discussed in our notice of proposed summary disposition on issue three, we hold that the prosecution did not engage in misconduct by improperly impeaching Defendant with Defendant's own statements made before trial.

As to the prosecutor's allegedly improper comment during closing that Defendant conformed his testimony to that of the other witnesses [DS 16-17], in our notice we acknowledged that the prosecutor's comment was improper to the extent Defendant has a right to attend his own trial and be present during the testimony of other witnesses. [MIO 7; DS 15] Nonetheless, we proposed to affirm because Defendant objected to the statement, the district court sustained his objection, and the district court instructed the prosecutor to confine his remarks to Defendant's

inconsistent statements made before trial. [MIO 7; DS 15] We were not persuaded that the prosecutor's isolated error in attempting to discuss Defendant's presence in the courtroom throughout the trial constituted sufficiently prejudicial error to warrant reversal. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 ("An isolated, minor impropriety ordinarily is not sufficient to warrant reversal, because a fair trial is not necessarily a perfect one[.]" (internal quotation marks and citations omitted)).

In his memorandum in opposition, Defendant fails to indicate why the district court's action in sustaining his objection and instructing the prosecutor to refrain from such comments was not sufficient to cure any minor prejudice. [MIO 7] Thus we affirm on this issue because the prosecutor had a right to point out Defendant's inconsistent statements and the prosecutor's improper comment during closing was not sufficiently prejudicial to warrant reversal or retrial. *See id.*; *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807 (holding that, in reviewing a prosecutor's improprieties, we consider whether they "had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial").

As the fifth issue in his docketing statement and again in his memorandum in opposition, Defendant claims his trial counsel was ineffective. [MIO 7-10; DS 17] "To establish a prima facie case of ineffective assistance of counsel, Defendant must

show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Aker,* 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666 (citation omitted)).

In our notice, we proposed to affirm because Defendant failed to demonstrate either that counsel's performance was deficient or that he suffered any prejudice due to any perceived errors. *See id.* In his memorandum in opposition, Defendant again contends that he was denied effective assistance and raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 9] However, he fails to rebut any of the analysis contained in our proposed disposition. [MIO 7-10] He also acknowledges that his claims of ineffective assistance were not developed below, and thus he failed to establish a prima facie case of ineffective assistance. *See State v. Telles,* 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (stating that "[w]ithout a record, we cannot consider Defendant's claim of ineffective assistance of counsel on direct appeal").

Despite the lack of evidence in the record, Defendant urges us to remand for an evidentiary hearing concerning his allegations. [MIO 9] He claims that, despite the lack of evidence, failure to remand would not comport with judicial economy given that his appeal is already before this Court, citing to *Varela v. State*, 115 N.M. 586, 588, 855 P.2d 1050, 1052 (1993), in support of his contention. [MIO 9] We are unpersuaded.

In *Varela*, our Supreme Court considered whether the district court had wrongfully determined that it did not have jurisdiction to consider the defendant's ineffective assistance claim resulting in the district court's refusal to consider the merits of the defendant's appeal from metropolitan court. *See id.* at 588-590, 855 P.2d at 1052-1054. The holding in *Varela* "[is] unique to the particularly complex procedural posture of that case" and does not warrant reconsideration of our proposed disposition in this matter. *State v. Hosteen*, 1996-NMCA-084, ¶ 8, 122 N.M. 228, 923 P.2d 595, *aff'd,* 1997-NMSC-063, 124 N.M. 402, 951 P.2d 619 (1997).

Based on Defendant's failure to establish a prima facie case of ineffective assistance of counsel, we decline to consider this issue on direct appeal or to remand to the district court for an evidentiary hearing on this matter. *See id.* ¶¶ 8-9 (declining to remand to the district court for an evidentiary hearing when the defendant failed to establish a prima facie case of ineffective assistance of counsel). However, we

recognize that Defendant may raise his ineffective assistance claims pursuant to a *habeas corpus* proceeding. [MIO 9-10] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (recognizing that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

As his sixth and seventh issues, Defendant claims that fundamental and cumulative errors require reversal of his conviction. [MIO 10-11] For the reasons set forth in our notice of proposed summary disposition, we disagree and affirm on these issues.

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____

**LINDA M. VANZI, Judge**